# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10099
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Mario Perez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-271-11

———————————————————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Mario Perez, federal prisoner #50701-177, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion to reduce his sentence. Perez argues, among other things, that the district court failed to consider properly the 18 U.S.C. § 3553(a) factors or to articulate sufficiently its analysis of those

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

factors. We review the denial for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The district court expressly stated that it had reviewed the § 3582(c)(1)(A)(i) motion, the record, and all the § 3553(a) factors. The court concluded that, since Perez had served less than half of his sentence for his participation in a dangerous drug-trafficking conspiracy, a reduction of his sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to his criminal conduct. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B). The district court was not required to offer further explanation for its decision. *See Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018).

Perez's mere disagreement with the district court's assessment of the § 3553(a) factors provides no basis for holding that the court abused its discretion. *See Chambliss*, 948 F.3d at 694. Because the § 3582(c)(1)(A)(i) denial is independently supported by the district court's § 3553(a) analysis, we need not consider Perez's contentions that he identified extraordinary and compelling reasons and that he does not constitute a danger to the safety of others and the community. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022).

The decision of the district court is AFFIRMED.